Bart F. Virden, Judge, concurring. I agree that the case should be affirmed. I agree with the trial court and this court that Beavers’s statement was admissible at trial. | r,Beavers acknowledges he was not “in custody” when he gave the statement. As such, there was no requirement to advise him of his Fifth Amendment right to remain silent. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, I write separately in this concurrence to address an unsettling situation that is highlighted by this case. The trial court denied Beavers’s motion to suppress based on the finding that Beavers was not in custody and the conclusion that Sarah Longtin Brady, a child-maltreatment investigator with the Crimes Against Children Division of the Arkansas State Police, was not a law-enforcement officer, and hence was not under a duty to comply with criminal procedure or constitutional safeguards when questioning Beavers. It is on this second point that I disagree. I believe that in instances such as this, where the State has created a “hybrid investigator,’.’[1] that person is, to all appearances, part of law enforcement, and her methods of investigation should be conducted accordingly. In this instance, Brady testified: • that she was employed by the Crimes Against Children Division of the Arkansas State Police; • that she was paid as a State Police employee; • that she called Beavers from Arkansas State Police Headquarters, Troop K; • that she identified herself to Beavers as an investigator with the Arkansas State 1 ^Police; and • that she interviewed Beavers at the State Police Headquarters, Troop K. The State takes the position that Brady “can’t charge” anybody with a crime and thus it is clear she is not a law-enforcement officer. But, in fact, she was gathering evidence in her investigation of an alleged crime, which she turned over to the prosecutor, and which resulted in criminal charges against Beavers. The United States Supreme Court has addressed the application of Miranda in questioning by nonpolice officers. Most notably, and analogous to this case, is Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (1984). The court found that when the defendant was questioned by a parole agent, Miranda warnings were not required because the defendant was not in custody. The court specifically noted, however, that “[a] different question would be presented if he had been interviewed by his probation officer while being held in police custody.” Id. at 430 n. 5, 104 S.Ct. 1136. Here, Brady had all the trappings of law enforcement, which no doubt is an asset in investigating these important and serious cases. However, the investigator should not be allowed to circumvent constitutional safeguards simply by a statement on the back of her identification card that states, “Cardholder is not a Police Officer.” . The General Assembly has authorized the Department of the Arkansas State Police to create a Crimes Against Children Division, consisting of an investigation section that is staffed with civilian personnel. Ark. Code Ann. §§ 12 — 8—5 01 (b) (1) — 502(b)( 1) (Repl. 2009).